UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DARREN L. GRAY<br>    LDOC #517862<br>VS.<br><br>OFFICER HUNTER, ET AL. | CIVIL ACTION NO. 08-1559<br><br>SECTION P<br>JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Darren L. Gray filed the instant civil rights complaint (42 U.S.C. §1983) on October 16, 2008; he complained that he was the victim of excessive force while incarcerated at the Madison Parish Detention Center, Tallulah, Louisiana. On December 22, 2008, the undersigned completed the first stage of an initial review and directed plaintiff to amend his complaint to provide more specific details. Plaintiff was directed to amend on before January 26, 2009. [rec. doc. 4] Plaintiff has not complied with the order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Petitioner has not complied with the order of December 22, 2008, nor has he requested additional time within which to comply.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, March 4, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE